UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA WOMACK | CIVIL ACTION |
| VERSUS | No. 16-13127 |
| NATIONAL UNION FIRE INSURANCE COMPANY ET AL. | SECTION I |

ORDER AND REASONS

Before the Court is plaintiff's motion[1] to remand this case to state court. Defendants oppose[2] the motion. For the following reasons the motion is denied.

STANDARD OF LAW

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 9.

28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"The jurisdictional facts supporting removal are examined as of the time of removal." *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citation omitted). When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citation omitted). The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy which support a finding that the requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

"[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). In resolving the motion, the Court notes that "[a]mbiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed." *Poche*, 2015 WL 7015575, at *2.

## ANALYSIS

Plaintiff does not challenge the diversity of the parties or the timeliness of removal. Plaintiff instead argues that the case should be remanded because "[i]t is now known, after receipt of pertinent medical records, that the amount in controversy does not at this time and did not at the time of filing exceed or equal" the $75,000 required for federal jurisdiction. *See* 28 U.S.C. § 1332(a). However, plaintiff's counsel also admits that she "could not immediately determine the extent of [her] client's new injuries as compared to exacerbation of preexisting conditions until the bulk of client's medical records and history was received and reviewed"—which apparently occurred after removal.[3] In other words, although she now contends that her client cannot recover more than $75,000, she argues that she did not know and could not have known that at the time this lawsuit was removed.

Defendants respond that at the time of removal the amount of controversy did exceed the jurisdictional minimum, and that whether plaintiff now admits that she cannot recover more than $75,000 is irrelevant to the jurisdictional analysis. Defendants argue that "[e]ven if plaintiff stipulated to limited damages via formal stipulation or affidavit, as opposed to a statement in memorandum, such stipulation would be insufficient [to deprive this Court of subject-matter jurisdiction]."[4] The Court agrees.

---

[3] R. Doc. No. 7, at 3-4.
[4] R. Doc. No. 9, at 8.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1) ." *Gebbia*, 233 F.3d at 882. Since Louisiana law prohibits plaintiffs from specifying the numerical value of their damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* The removing defendant "may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* at 883 (citations omitted).

Furthermore, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citations omitted). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citations omitted); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that once removal jurisdiction attaches, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest the court of jurisdiction).

After reviewing the petition, it is facially apparent that plaintiff's claims exceeded $75,000 at the time of removal. The petition states that as a result of the car accident allegedly caused by defendants, plaintiff sustained "serious injuries to

her lumbar and cervical spine and the ligaments, nerves, tendons, blood vessels and other soft structures of his [sic] head and body, including but not limited to, her neck, back, and limbs, [as well as] injuries to the nervous system and psyche, including . . . emotional and mental distress and damages."[5]  Due to these injuries, plaintiff is seeking damages for past and future pain and suffering, past and future mental anguish, past and future medical expenses, loss of enjoyment of life, bodily impairment and disability, and impairment of psychological functioning.[6]  Her petition also states that plaintiff has undergone "extensive medical care" and that her condition "may continue to worsen and/or become permanent."[7]

While this Court has observed in the past that the types of damages described above are somewhat commonplace in state court petitions, and indeed could even be described as "fairly vanilla," *see Riley v. Wal-Mart Louisiana, LLC*, No. CV 15-5729, 2015 WL 9268160, at *3 (E.D. La. Dec. 21, 2015), a review of the summary-judgment type evidence provided by defendants further substantiates the Court's conclusion. In her answers to defendants' interrogatories, plaintiff described her injuries, "[n]onexclusively," as "injuries to both of her legs and more significantly, her lower spine."[8]  She also stated that she was "unaware of any prior accidents or injuries."[9]  Moreover, plaintiff's anticipated witness list included Dr. Eric Oberlander, who

---

[5] R. Doc. No. 1-3, at 4-5.
[6] R. Doc. No. 1-3, at 5.
[7] R. Doc. No. 1-3, at 5.
[8] R. Doc. No. 9-1, at 7.
[9] R. Doc. No. 9-1, at 4.

5

plaintiff describes as having "[p]erformed lumbar spinal fusion surgery 7/9/2015" on plaintiff.[10]

Finally, if all of the above information was not sufficient, plaintiff's medical bills for her lumbar fusion totaled $93,973.05.[11] Even if plaintiff's need for the fusion was not entirely caused by defendants, the expense of her treatment is indicative of the seriousness of her injuries. It is reasonable to conclude that defendant has demonstrated by a preponderance of the evidence that at the time of removal plaintiff's petition alleged injuries that exceeded the $75,000 requirement.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana, September 12, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. No. 9-1, at 5.
[11] R. Doc. No. 9-3, at 14.